## W. W. WHITNEY v. TOWN OF LONDONDERRY.

*Damage on Highway. Notice. Bereft of Reason. Verdict set aside. Mistrial.*

1. The jury were directed, if the verdict was for the defendant, to answer these questions: "Was the plaintiff in consequence of the injuries sued for *bereft of his reason?*" "Was the highway in question at the time and place insufficient and out of repair?" but without answering these, the jury returned a verdict in the following words: "We find no cause of action, solely on the ground that the plaintiff was mentally and physically disqualified to give legal notice to the town for the space of about two days from the time of the accident, from injuries received therefrom, but after that time was qualified to give said notice within thirty days, but neglected to do so." The verdict was set aside. *Held*, no error; that it was a mistrial.
2. Evidence, (independent of all other facts and testimony,) to show the condition of the road several years after the accident, has no tendency to prove its condition at the time of the accident.
3. G. S. c. 25, s. 42, (R. L. s. 3111)—damage on highway, bereft of reason—construed.

TRIAL by jury, June Term, 1875, REDFIELD, J., presiding. The verdict was set aside by the County Court. By agreement of the parties the case was afterwards referred; the referee found for the plaintiff to recover $1000, and his costs; and the court, at the December Term, 1881, VEAZEY, J., presiding, rendered judgment on the report for the plaintiff. The case appears in the opinion of the court, except the following found by the referee:

I find that the *immediate* result of the injury to the plaintiff was complete mental derangement, and that for several days thereafter, not less than five or six, his mental faculties were so far beclouded that he was incapable of the exercise of reason and memory to such an extent as to make him irresponsible for his acts or omissions. The plaintiff testified, that his first recollection of events after the accident, was of an occurrence nearly three weeks thereafter ; but however that may be, the evidence on that subject, from those living with, and having the care of plaintiff, satisfies me that, for at least the period I have named, he should be excused from all responsibility for his omission to give the requisite notice by reason of mental incapacity, directly occasioned by the accident.

*Burton & Munson, C. N. Davenport* and *J. G. Martin,* for the defendant.

The words " bereft of reason " are not a technical term, and should be taken in their usual signification. If they are allowed the force here which is universally given them in common language, the statute requires semething more than a temporary suspension of consciousness. There is a well-recognized distinction between that condition of mind which is the immediate and temporary result of a physical injury, and the derangement of the mental faculties which may exist after the ordinary effects of the injury have disappeared. When one is struck senseless by a blow, we say he is rendered unconscious by a sudden concussion of the brain ; but if, when the immediate effects of the blow have passed away, the mind fails to assert itself and recover its natural condition, the person is said to be bereft of reason. One who receives a temporary injury of this kind is ordinarily seen in two conditions. In the first, he is entirely unconscious of his own existence and of external objects. In the second, his mind manifests itself in a confused and irregular manner while struggling back to consciousness. In neither state is he bereft of reason in the usual acceptation of the term. In this case the plaintiff was doubtless rendered unconscious by a violent fall, was afterwards confused and wandering, and was finally given ether to relieve his pain ; but when the physical effects of the blow had passed off, and the opiate had spent its force, his mind appeared in its natural condi-

tion. The distinction drawn by the court below between the temporary effects of a concussion and the state or condition of mind after their subsidence, affords a more reasonable and just construction. See *Gonyeau* v. *Milton*, 48 Vt. 172.

The concluding paragraph under the main point in the opinion in that case, is merely a dictum; and the view indicated seems to us unsound.

2. The verdict returned by the jury, although informal, is sufficient.

A verdict will not be avoided unless from necessity. Hilliard on New Trials, 134. Every reasonable construction will be adopted in its support. *Huntingdon* v. *Ripley*, 1 Root, 322. It will be sustained, however informal, if a finding of the issue can be concluded out of it. *Allen* v. *Aldrich*, 29 N. H. 63. If sufficiently certain in matters of substance, the court will mould it into form. *Tucker* v. *Cochran*, 47 N. H. 54. Any superfluous matter contained in it may be disregarded as surplusage. *Jolly* v. *Shingle*, 16 Wis. 292.

*Miner & Fenn, J. K. Batchelder* and *H. K. Fowler*, for the plaintiff.

The opinion of the court was delivered by

TAFT, J. This cause was tried by jury at the term in June, 1875, and a verdict returned in the following words: " We find no cause of action, solely on the ground that the plaintiff was mentally and physically disqualified to give legal notice to the town for the space of about two days from the time of the accident, from injuries received therefrom, but after that time was qualified to give said notice within thirty days, but neglected to do so."

The verdict was set aside on the ground of its legal informality. The jury were directed if the verdict was for the defendant to answer the following questions, viz: " Was the plaintiff, in consequence of the injuries sued for, bereft of his reason?" " Was the highway in question at the time and place insufficient and out of repair?" No answers to such questions were returned. To the ruling of the court setting aside the verdict the defendant ex-

cepted, and the exceptions ordered to lie until further judgment. The cause was then, by consent of parties, submitted to a referee, and judgment was rendered upon his report, for the plaintiff, to which the defendant excepted.

I.   The question presented by the first bill of exceptions, is, whether the court erred in setting aside the verdict.   The only facts found by the jury were, that the plaintiff was mentally disqualified to give legal notice to the town for the space of about two days ; that subsequent to that time no disability existed, and he neglected to give such notice.   The validity of the verdict depends upon the construction given to its language.   The jury say that the plaintiff was mentally disqualified from giving the requisite notice.   He was not so disqualified, or excused, unless he was " bereft of reason " ; we must therefore treat the verdict as an express finding upon that point, that he was bereft of reason ; and such finding entitled the plaintiff to further inquiries by the jury, as to the insufficiency of the highway, and the exercise of due care by him at the time of the accident ; for, being bereft of reason, he was under no obligation to give notice.   *Gonyeau* v. *Milton,* 48 Vt. 172.   The latter inquiries were not made, and the proceedings we think resulted in a mistrial, and the verdict was properly set aside.

II.   The testimony offered before the referee as to the width of the road at the time of the hearing in May, 1881, as compared with its width in 1868, and in connection with that, its width as compared with its condition in 1866, was properly excluded.   It might, perhaps, have been proper for witnesses to testify, or refer, to the condition of the road at times other than that of the accident, by way of comparison, or in explanation of testimony ; but the proposal to show, independent of all other facts and testimony, the state of the road years after the accident, was properly overruled, as the fact was certainly immaterial ; it had no tendency to show the condition of the road at the time of the accident which was the question under consideration.

Judgment affirmed.