## JULIA M. COOK v. TOWN OF BARTON.

### GENERAL TERM, 1893.

*Defective sluice. Notice. Evidence of previous condition. Variance.*

1. A notice which states that a certain sluice was defective in that the opening was too small to allow the water to flow through, whereby a part of the water was thrown across the highway next adjacent to said sluice, and so gullied out holes in the highway, by reason of which the plaintiff was injured, sufficiently points out these holes as a defect in the sluice or its approaches.

2. The plaintiff may show that the sluice, for a defect in which suit is brought, has been in the same condition for more than two years prior to the accident, gradually growing worse.

3. The notice stated that there were two holes on the northerly side and one on the southerly side. The evidence of the plaintiff tended to show that there were two holes on the southerly side. Some witnesses testified that there was a depression extending entirely across the highway, which was deeper in the wheel tracks. *Held*, no substantial variance.

Action on the case for injuries received by the plaintiff through the alleged insufficiency of a certain sluice which the defendant was bound to maintain. Plea, the general issue. Trial by jury at the September term, 1892, Orleans county, ROWELL, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The evidence of the plaintiff tended to show that the opening through the sluice in question had become stopped up so that only a part of the water naturally flowing there could pass through, the balance being thrown across the highway next adjacent to the sluice, and having gullied out holes on either side of the sluice proper, by reason of which the plaintiff was thrown from her carriage and injured.

The plaintiff offered in evidence the notice delivered to the selectmen of the defendant after the accident. To the admission of this the defendant objected, for that it did not point out the holes which occasioned the injury as an insufficiency in the sluice or its approaches. The court admitted the notice subject to the exception of the defendant.

The material part was as follows :

" Said small bridge, otherwise called a culvert, otherwise called a sluice, was insufficient in that the opening or passage through the same for the water to flow through was not of sufficient size to permit the water to flow through the same, and in consequence thereof such part of the water as could not flow through said opening or passage was thrown over and across said highway next adjacent to said bridge, otherwise called a culvert, otherwise called a sluice, on each side thereof, and holes and depressions in the travelled part of said highway were washed out in the part of said highway over which said water flowed to a great depth and breadth, to wit. : On the northerly side of said bridge, sluice or culvert, a hole about twelve inches deep and five feet wide, and about four or five feet long, and a hole about two and one-fourth inches deep and about eight feet wide and about six feet long ; and on the southerly side of said bridge, culvert or sluice, to wit. : a hole or depression ex-

tending nearly across the travelled part of said highway and from five to nine inches deep, and eight or nine feet wide. Said holes or depressions in said highway, formed and made by the aforesaid insufficiency of said bridge, sluice or culvert, caused said Julia M. Cook, without her fault, on the day and year last aforesaid, to be thrown from a carriage in which she was then riding over said road, and thereby the said Julia M. Cook received" etc.

The other questions raised and decided sufficiently appear in the opinion.

*W. W. Miles* and *C. A. Prouty* for the defendant.

The written notice must point out definitely the insufficiency, and no recovery can be had for an insufficiency not pointed out. No. 13, s. 4, Acts of 1882; *Farnsworth v. Mt. Holly*, 63 Vt. 293; *Bartlett v. Cabot*, 54 Vt. 242; *White v. Stowe*, 54 Vt. 510; *Underhill v. Washington*, 46 Vt. 767.

The defect pointed out by this notice was not the holes which occasioned the injury, but the insufficient opening. That defect was not the immediate, but the remote cause of the injury, and no recovery can be had by reason of it. *Ford v. Braintree*, 64 Vt. 144.

The evidence of the plaintiff as to the previous condition of highway was improperly received. 1 Greenl. Ev., s. 52; 1 Best Ev., p. 118; 2 *Ib.*, p. 806; *Coats v. Canaan*, 51 Vt. 131.

There was a variance between the notice and proof of the number of holes. *Boyd v. Readsboro*, 55 Vt. 163; No. 13, s. 4, Acts 1882.

*F. W. Baldwin* and *Dickerman & Young* for the plaintiff.

The approaches to a bridge or sluice are a part of the structure itself. *Bardwell v. Jamaica*, 15 Vt. 438; *Tol-*

*land* v. *Wellington*, 25 Conn. 578 ; *Tinkham* v. *Stockbridge*, 64 Vt. 480.

This notice particularly pointed out the defect causing the injury and was sufficient. *Ranney* v. *Sheffield*, 49 Vt. 191 ; *Reynolds* v. *Burlington*, 52 Vt. 300 ; *Bliss* v. *Whitingham*, 54 Vt. 172 ; *Melendy* v. *Bradford*, 56 Vt. 148.

Evidence of previous condition was properly admitted. *Cheney* v. *Ryegate*, 55 Vt. 499 ; *Giddings* v. *Ira*, 54 Vt. 346.

TYLER, J.   The notice alleged that the plaintiff was injured by reason of the insufficiency of a culvert or sluice in a highway in defendant town ; that the insufficiency was that the opening through the culvert was too small to permit all the water to flow through ; that consequently a part of it was thrown across the highway adjacent to the culvert and on each side of it and formed holes which caused the plaintiff to be thrown from her carriage and injured.   It in effect alleged that the holes were within the approaches to the culvert.   It was not necessary that the notice should ⁊call the holes defects or insufficiencies.   It pointed them out, described them, and alleged that they caused the accident. It described the culvert in respect to the opening through it, and in respect to the holes which the jury have found, under the instruction of the court, were within the approaches to it. The notice is in compliance with the statute which requires that notices shall point out "in what respect the bridge, culvert or sluice is insufficient and out of repair."

The plaintiff was permitted to introduce evidence tending to show that this condition of the culvert and its approaches had existed continuously from the spring of 1887 until the time of the plaintiff's injury, but had slowly grown worse. As the evidence related to this particular place and to these alleged defects in the highway, it was proper to show the condition at other times by way of comparison and descrip-

tion. *Whitney* v. *Londonderry*, 54 Vt. 41. Evidence was admissible to show how long it had been in substantially the same condition it was in at the time of the accident, and what changes it had gradually undergone, as it might aid the jury in determining its exact condition at the time in question. *Coates* v. *Canaan*, 51 Vt. 131.

The notice states that there were two holes on the northerly side and one on the southerly side of the culvert, while the plaintiff's evidence tended to show that there were two holes on each side. Some of the plaintiff's evidence tended to show that there was a depression on each side of the culvert, next to the poles which covered it, extending clear across the traveled track of the highway, but deepest in the wheel tracks. There seems to be no real conflict or variance between the notice and the evidence. To some witnesses it evidently seemed that there was but one depression or hole on each side, extending across the highway, while others might reasonably have said there were two, as the depression was lowest in the wheel tracks.

*Judgment affirmed.*