HARDWICK TRUST COMPANY *v.* HOWARD M. DODGE ET ALS.

(75 A2d 660)

May Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 3, 1950.

*Sumner E.·Darling* pro se.

*Oscar L. Shepard* and *Arthur L. Graves* for the plaintiff.

BLACKMER, J. The plaintiff Hardwick Trust Co. proffered its petition to the court of chancery seeking to foreclose the equities of redemption in real estate known as the Warner Block in Hardwick. The defendants Dodge hold the equity of redemption in the fee. The defendant Darling is joined as a subsequent attaching

creditor. The Dodges failed to answer, and the petition was taken as confessed against them. Darling filed a pleading which he called an answer. It denied none of the allegations of the petition, but set forth other facts at some length. The so called answer is in fact a cross bill in the nature of an original bill, and is so treated hereafter. The plaintiff demurred to the cross bill; the demurrer was allowed; the petition was taken as confessed against Darling; exceptions were allowed to him, and the cause passed here before final decree.

The cross bill makes the following claims, certain defects in the statement thereof being by-passed. In 1924 the Hardwick Savings Bank and Trust Co. held a first mortgage on the Warner Block in its own right. It also held as trustee for Darling: (1) a fourth mortgage on the Warner Block, (2) two junior mortgages on other real estate, and (3) a first chattel mortgage on some harness maker's stock, tools and "fixtures." In 1933 it foreclosed on all these securities for the joint benefit of itself and Darling. The Bank then failed. The plaintiff succeeded it as trustee. The plaintiff rented the Warner Block and the chattels and collected the rental. Neither the Hardwick Savings Bank and Trust Co. nor the plaintiff has ever accounted to Darling. The prayer is for an accounting, with special emphasis on Darling's claimed equity in the Warner Block.

One of the many grounds of demurrer is that the cross bill is not germane to the subject matter of the original bill. This is the only ground necessary to be considered.

■ Cross bills in the nature of original bills are a recognized procedure, and are to be distinguished from purely defensive cross bills. The rule is that a cross bill in the nature of an original bill must be germane to the subject matter of the original bill. *Hyde Park Lumber Co.* v. *Hunt et al*, 90 Vt 435, 440, 98 A 907, Ann Cas 1918 E, 1183; *Hill* v. *Longe & Longe*, 95 Vt 441, 444, 115 A. 237.

■ Darling's pleading admits, by failure to deny, the facts requisite for a foreclosure of the mortgage given by the Dodges to the plaintiff. Chancery Rule 21 (2). That mortgage is the subject matter of the original bill herein. The trust dealings between Darling and the Hardwick Savings Bank and Trust Co., and those between him and the plaintiff, are entirely extraneous to the mortgage. The cross bill is not germane.

*Hill* v. *Longe and Longe,* 95 Vt 441, 115 A 237, is sufficient authority for this holding. The case was a petition to foreclose a real estate mortgage. The cross bill demanded an accounting of certain business dealings between the mortgagor and mortgagee, wholly unconnected with the mortgage transaction. It was held at p. 444 that the defendant in a foreclosure suit cannot avail himself, by way of cross bill, of credits growing out of dealings with the mortgagee entirely independent of the mortgage transaction, in absence of an agreement or understanding (see *Haskin* v. *Haskin & Haskins,* 55 Vt 263, 264) that such credits should be applied on the mortgage debt. Supporting cases are *Killam* v. *Jenkins,* 25 Vt 643, 644; *Lamoille Valley R. R. Co.* v. *Bixby,* 55 Vt 235, 241; *Hathaway* v. *Hagan,* 64 Vt 135, 141, 24 A 131; *Wheeler's Guardian* v. *Wheeler,* 92 Vt 167, 170, 102 A 337.

*Decree allowing demurrer affirmed and cause remanded.*