## Century Indemnity Co. v. Souther Adams Mead

[159 A.2d 325]

January Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed March 2, 1960

*Wallace C. Schinoski* and *Parker & Ainsworth* for the defendant.

*Fitts & Olson* for the plaintiff.

**Smith, J.** The plaintiff recovered a judgment against the defendant in the Windsor County Court for Six Hundred Seventy Dollars, together with its costs, on June 5, 1956.

Execution was issued and returned unsatisfied. Thereafter, on Oct. 17, 1956, the plaintiff brought this bill of discovery in the Windsor County Court of Chancery, with prayers for relief attached to the bill. A hearing was held on the merits of the case on Dec. 3, 1956, before the Chancellor, at a time prior to the filing of an answer by the defendant. After the hearing the plaintiff moved to amend its bill, which was followed by the defendant's motion to dismiss the plaintiff's motion to amend.

The Chancellor granted the plaintiff's motion to amend its bill, and the defendant filed a demurrer and answer to the amended bill on Feb. 28, 1959. This demurrer was overruled by the Chancellor, and findings of fact were made and filed. On August 7, 1959 a decree was handed down by the Chancellor ordering the defendant to pay the sum of Seven Hundred Three Dollars and Fifty-one Cents to the attorneys for the plaintiff on or before Aug. 1, 1959.

■■ The defendant, under date of Aug. 26, 1959, filed his notice of appeal, as provided by 12 V. S. A. §2382, to the decree of the Windsor County Court of Chancery. Such manner of appeal is made applicable to appeals from a court of chancery, as well as from a county court, by the provisions of 12 V. S. A. §4601. Now notice of appeal from the decree brings the whole case, including all questions litigated in the court below which affect the final decree, if they are briefed, to this Court for review.

■ The brief of the defendant indicates that the first question he wishes us to consider is the propriety of the overruling of his demurrer, filed Feb. 28, 1959, by the Court of Chancery, although it would seem that the defendant wishes us to consider it as a motion to dismiss. But, if so considered, it would have been premature, being made prior to the findings of fact being filed, which date of filing was June 5, 1959. *Roberts Inc.* v. *White*, 117 Vt. 573, 575, 97 A.2d 245.

■■ Treating the pleading as a demurrer the record shows that it was filed after the hearing on the merits of the case on the date of Dec. 3, 1956. A demurrer must be brought

forward for hearing before the case is heard on the merits, otherwise it is waived. *Scully* v. *Dermody*, 110 Vt. 422, 427, 8 A.2d 675; *Waterman* v. *Moody and Rogers*, 92 Vt. 218, 226, 103 A. 325. *Wade* v. *Pulsifer*, 54 Vt. 44, 69. The defendant does have the right to file a new demurrer after the filing of an amendment to the original bill, but the right extends to new matter which has been introduced by amendment. 19 Am. Jur. Equity, p. 241. But the demurrer before us goes to the question of equity jurisdiction of the entire bill, rather than just to the amendatory matter. No error is found in the overruling of the demurrer.

The bill before us is entitled a bill of discovery by the plaintiff. But, because it also contains prayers for relief, it is, in reality, a bill for discovery and relief, and we will so treat it. A pleading in equity is taken for what it is in substance, regardless of its form or the name given it by the pleader 30 C. J. S. Equity, p. 636. In substance it is a bill, brought as a supplementary proceeding in equity, in aid of an execution. *Bay State Iron Co.* v. *Goodall*, 39 N. H. 223. 17 Am. Jur., Discovery and Inspection, p. 34.

Under a proceeding of this kind the plaintiff is entitled to a discovery of all the real estate upon which he has acquired a lien by his proceedings at law, and of the nature and character of the incumbrances upon it, and of the conveyance of it; that, if fraudulent, they may be removed by a decree, and the plaintiff may be entitled to reach it by an execution at law.

He is also entitled to a discovery of all the property, both real and personal, now owned by the defendant, wherever it may be situated, that if within the state it may be reached by an execution, as trust funds, choses in action, stocks, etc.; the defendant may be compelled by an order of the court to transfer the property by a proper conveyance to a receiver, to be sold and applied to the payment of the complainant's debt. He has a right to a full discovery from the defendant of every

trust created for his benefit, that the court may see whether it is one on which his creditors have an equitable lien for the satisfaction of their debts. *Bay State Iron Co.* v. *Goodall, supra.*

The original bill alleged fradulent concealment of assets by the defendant in an amount greater than a sum needed to satisfy the judgment of the plaintiff, and primary relief sought was the appointment of a receiver to convert the hidden assets of the defendant into money to be paid on the judgment of the plaintiff. An unusual feature of the case before us is that a hearing was held on the original complaint before the demurrer and answer was filed. It was after this hearing that the plaintiff moved to amend its original bill by adding counts alleging that the defendant maintained a joint bank account with his wife, and that he had deposited therein some of the checks received by him as Social Security payments from the federal government. The relief sought by the plaintiff's amendment to the bill is a request that the Chancellor order the defendant to pay from the Social Security payments, as he receives them, the money due the plaintiff under the county court judgment and execution or, in the alternative, to pay the judgment from the joint bank account. It is, of course, obvious that the amendments were added as a result of the evidence adduced at the hearing.

■ The record before us is the amended bill with the original bill, and the two bills, amalgamated, constitute the case of the complaint. 19 Am. Jur., Equity, p. 238.

■ Although the defendant took exception to various findings of fact made by the Chancellor below, he has not briefed them, and they are therefore waived. The only question before this Court, under the notice of appeal from the decree, is whether the decree is warranted by the pleadings and supported by the findings.

■ Where discovery and relief are sought in the same suit, the relief must be that for which equity is the appropriate forum. 17 Am. Jur., Discovery and Inspection, p. 7. The

ground upon which this plaintiff seeks equitable relief is fraud by the defendant in the concealment of his assets.

The findings of facts, filed by the Chancellor, in No. 10 reads:

> "The defendant has no income other than his so-called social security payments nor does he have any other assets, real estate or personal property, title to which is in his sole and separate name, nor has he since the plaintiff obtained the judgment against him."

In finding No. 4 the Chancellor finds that the defendant and his wife established a joint bank account at some time after 1953, which is still maintained, but the amount of which account is not found. In his finding No. 5 the Chancellor finds that in some instances the defendant has deposited his Social Security check in this joint account.

The allegations of fraud set forth in the bill of the plaintiff are to the effect that this defendant made various assignments of property, after the indebtedness had accrued, which was the basis of the judgment in the Windsor County Court, to defraud this plaintiff. In the record before us there is no evidence of any indebtedness due from the defendant to the plaintiff until the date of the Windsor County Court judgment, on June 5, 1956. In No. 10 of his amended pleadings the plaintiff asserts that the defendant made deposits of his Social Security payments in the joint bank account "on and since" the date that the indebtedness accrued. Considering both the pleadings and the findings no fraud could be claimed on the setting up of the joint bank account, it having been established prior to the time of the accrual of the indebtedness, as the bill impliedly admits.

 The provisions of U. S. C. A. Title 42, §407 make Social Security payments not "subject to execution, levy attachment, garnishment or other legal process." The Social Security payments received by the defendant were immune from legal process by operation of law. There could be no fraud in the transfer of these payments to the joint bank account, for a discovery will not lie where the property of which

discovery is sought cannot be reached by the creditor. 17 Am. Jur. Discovery and Inspection, §30.

No fraud has been found by the Chancellor, nor have there been found any assets of the defendant which could be made subject to process. It cannot be presumed that the Chancellor inferred fraud, in the absence of a finding to that effect, for the law in no case presumes fraud. *Dunnett* v. *Shields and Conant*, 97 Vt. 419, 429, 123 A. 626.

Under the pleadings and findings made in the case before us the plaintiff has failed to establish his equitable grounds for the relief he here seeks. It follows, therefore, that the decree of the Chancellor, ordering the defendant to pay a sum of money to the plaintiff, was without right.

*Decree reversed, the bill dismissed, without prejudice.*