## Dominic J. Miele v. Harry F. Miele

[197 A.2d 787]

December Term, 1963

Present: Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed February 4, 1964

*Parker & Ainsworth* for the plaintiff.

*Ryan, Smith & Carbine* for the defendant.

**Barney, J.** When judgment pro confesso was entered against the defendant for failing to make timely response to a bill of complaint, he moved to have the judgment stricken and for leave to file an answer. Upon denial, he filed a proper notice of appeal, effective as to both the order denying leave to answer and the judgment order itself.

 In asking permission to file an answer out of time, the defendant sought to have the chancellor set aside the judgment because certain rules of the court of chancery (12 V.S.A. App. III) were not followed. Since, when justice requires, the chancellor has the discretionary power to take a case out of the rules (unless the rule happens to be a restatement of a mandatory statutory directive), 12 V.S.A. App. III R. 56, 12 V.S.A. App. II R. 57, failure to apply the rules does not require reversal. *Burlington Building & Loan Ass'n* v. *Cummings,* 112 Vt. 122, 124, 22 A.2d 377. However, it might be of advantage to make some comments with respect to the rules involved here.

Chancery rule 35, 12 V.S.A. App. III R. 35, provides that final decree shall not be presented to the chancellor for signature until it has been submitted to the solicitor of the adverse party for his approval, where there has been an appearance. Although the defendant had appeared here, the final decree was not presented to him. Nor did the solicitor for the plaintiff subscribe the decree himself, as the same rule requires.

 This rule is for the protection of both the party against whom the decree runs and the chancellor. If the proceeding is in fact adversary, the party in opposition to the decree will be inclined to search out its shortcomings and point them out. This is to his client's benefit and, additionally, helps protect the chancellor from inadvertently signing an inappropriate or incorrect decree. A chancellor assumes a heavy responsibility when he takes on the task of critical appraisal of the proposed decree alone. The fact that the solicitor preparing the decree did not sign it himself is, however, of less import, since failure to sign in no way dilutes his responsibility to the court for his acts.

Rule 36 of the chancery rules, 12 V.S.A. App. III R. 36, provides as follows:

1. When the defendant fails to enter his appearance within the time limited and the bill is taken as confessed by reason of such failure, decree shall not be entered within ten days from the expiration of the time for entering his appearance.

2. When a plaintiff omits to take a decree pro confesso within six months after the time when he is entitled to it, he shall not

thereafter move such decree until he has taken and served an order on the defendant, if in the state, to file an answer within such short day as the chancellor may appoint.

It is undisputed in this case that the decree was entered up some seven months after the plaintiff became entitled to it. The positions taken by both sides in connection with this rule indicate there is some misunderstanding about it.

■ Both parts of rule 36 apply only to cases where there has been no appearance. It prevents a plaintiff from perpetually dangling a decree over the head of a defendant who, for some reason, neglected to enter his appearance. By protracting what has become a unilateral proceeding, a plaintiff runs the risk of conferring upon the delinquent defendant the right to appear and answer out of time. It protects the defendant from the hazard of having a long-delayed decree thrust upon him without warning.

The party who has appeared is under no such threat. He is in court and, even though he may be in default for want of pleading, he is eligible to move to protect his rights from undue delay by seeking appropriate relief from the chancellor. He is protected from the unexpected entry of a decree, for rules 48 and 49, 12 V.S.A. App. III, R. 48 and 49, require that he be given notice forthwith of any papers filed in the case, and that a copy of "any answer, petition, motion, exceptions or any pleading or amendment thereof, shall be left with the clerk for him." *Spencer* v. *Lyman Falls Power Co.,* 109 Vt. 294, 305, 196 Atl. 276.

The remaining issues require an understanding of the factual situation as set out in the plaintiff's bill of complaint. The plaintiff and defendant are brothers. Sometime in 1944 their widowed mother had failed mentally to the point that institutional care was indicated. The plaintiff and the defendant discussed ways of preserving their mother's property so as to have it available for her care and support. As a result of this talk their mother, for a nominal consideration, conveyed her real estate to the plaintiff and defendant as co-tenants, by means of a warranty deed. The plaintiff contends that a trust in favor of the mother was thereby created, with the plaintiff and defendant as co-trustees. The plaintiff claims to have assumed the

major portion of the expenses incurred as a result of her mental illness and confinement in the Brattleboro Retreat and the Waterbury State Hospital, although he acknowledges that other members of the family have contributed something. Because of this situation, he asked his brother to convey to him the other undivided half interest, making the plaintiff sole owner. This, he says, is the only way the value of the property can be recovered and made available for the support of their mother. The defendant refused to convey. The prayers of the bill ask the chancellor to order the defendant to reconvey his half interest back to his mother, and for such other relief as may properly be granted.

The judgment rendered in this case is properly here for review by virtue of the defendant's notice of appeal. *Century Indemnity Co.* v. *Mead,* 121 Vt. 434, 436, 438, 159 A.2d 325. Although further proceedings or consent of the chancellor properly applied for may later alter the situation, two things are clear as the case now stands. First, the factual allegations of the bill are now unassailable by the defendant because of his failure to put them in issue by pleading in answer to the bill. *Hardwick Trust Co.* v. *Dodge,* 116 Vt. 349, 350, 75 A.2d 660. Second, his opportunity to question the sufficiency of the bill is also past. *Manley* v. *Brattleboro Trust Co.,* 116 Vt. 460, 465, 78 A.2d 488. However, he is entitled to challenge the judgment as not supported by the pleadings. *Brown* v. *Osgood,* 104 Vt. 87, 89, 156 Atl. 876. This he does. Since this is a judgment pro confesso there are no findings involved. He also points out that the pleadings disclose on their face that an essential party, the mother, has not been joined.

The defendant's objections to the decree are well founded. The bill of complaint effectually sets forth, not a "resulting" trust, but a trust for the benefit of the declarant or settlor, the mother of the parties, with the plaintiff and defendant as co-trustees. It is not improper for her to establish a trust for her own benefit out of her own property. *O'Brien, Admr.* v. *Holden,* 104 Vt. 338, 345, 160 Atl. 192. That case, on page 343, also makes it clear that it is essential that all parties interested in the subject matter of the suit are to be made parties, either as plaintiffs or defendants. The declarant or settlor is a vital party to this litigation dealing with the trust arrangements,

and must be joined personally or through a guardianship, as the situation requires.

 According to *Straw* v. *Mower,* 99 Vt. 56, 63, 130 Atl. 687, the requirements of 27 V.S.A. §303, that the trust be in writing, are satisfied by a bill of complaint signed by one in the position of trustee, as done here by the plaintiff. The defendant, having acknowledged the allegations of the bill by failing to plead, has likewise acknowledged the existence of the trust. To this extent, the rights of the plaintiff and defendant are concluded, unless matters developed when the mother's interests are presented indicate otherwise. See *Patch* v. *Squires,* 105 Vt. 405, 412-3, 165 Atl. 919.

In view of the defendant's failure to make a timely attack on the bill, we find it unnecessary to pass on the question of its sufficiency to justify relief in equity at this time. The addition of the essential party may give the litigation new direction and entitle all parties to file additional pleadings in connection with new matter raised. *Century Indemnity Co.* v. *Mead, supra,* 121 Vt. 434, 437, **159 A.2d 325.**

*Decree reversed, and cause remanded with directions that all essential parties be joined and their rights determined by appropriate proceedings.*