# Mt. Mansfield Television, Inc. v. University of Vermont and State Agricultural College

[ 236 A.2d 237 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed November 10, 1967

*A. Pearley Feen* and *Gravel & Bing* for plaintiff.

*Latham & Eastman* for the defendant.

*William P. Keefe,* Assistant Attorney General, intervenor for the State.

**Per Curiam.** The plaintiff prevailed upon the chancellor to issue an *ex parte* injunction against the defendant. The attorney general asked leave to intervene on behalf of the State of Vermont, and sought a dissolution of the injunction. The parties met and all stipulated to the lifting of the injunction, provided a hearing was afforded the plaintiff on the question of the right of the state to intervene. The chancellor issued an order, based on the stipulation, dissolving the injunction and reserving the issue of intervention for hearing. But before the time for hearing had expired, intervention was granted without any such hearing having been held. The propriety of this action has been certified here for review.

It might well be argued that, under our law, if the state was a necessary party, the chancellor had a duty to cite it in, whether it

sought intervention or not. *O'Brien* v. *Holden,* 104 Vt. 338, 343, 160 A. 192. The rules of chancery provide for it. 12 V.S.A. App. III, Rule 12; *Patch* v. *Squires,* 105 Vt. 405, 412-413, 165 A. 919. The validity of the judgment may depend upon it. *Miele* v. *Miele,* 124 Vt. 110, 113, 197 A.2d 787. The one issue is whether the state is such a necessary party.

However strongly it may already appear that the state has a large and vital stake in this litigation through its sponsorship and financing of the educational television network, it was improper for the chancellor to move to grant intervention without a hearing. This is not because a hearing was, or was not, legally necessary. It is because, in this particular case, the chancellor accepted the duty to accord the plaintiff a hearing, in return for the plaintiff's uncontested yielding on the dissolution of the temporary injunction.

The court of chancery must honor its commitment, unless there is a waiver. To unilaterally grant intervention in this case was improvident. On remand, the promised hearing should be held.

This Court was specifically asked: "Whether the Chancellor erred in granting intervention in said cause by the State of Vermont, by Order dated July 19, 1967."

*The certified question is answered in the affirmative, and the cause is remanded.*