### Bruce Dunbar v. Frank Gabaree

[330 A.2d 89]

No. 130-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed December 3, 1974

*Adams & Meaker,* Waterbury, for Plaintiff.

*John A. Burgess, Esq.,* and *J. Frederick Stone, Esq.,* Montpelier, for Defendant.

Larrow, J. On April 24, 1973, a jury in Washington County Court returned a verdict for the plaintiff in an action for assault and battery, for both ordinary and punitive damages. The presiding judge signed and filed a judgment order the same day. On April 25, 1973, defendant filed a motion for post-judgment relief, encompassing new trial, judgment n.o.v. and alteration of judgment to exclude punitive damages. On April 26 plaintiff filed a motion for close jail certificate. Before any action on the motions, on May 22, 1973, defendant filed a notice of appeal from the April 24 judgment.

On June 4, 1973, a hearing was held, and the clerk notified the parties of an entry granting plaintiff's motion and denying those of the defendant. Subsequently, on June 29, 1973, the presiding judge signed a new judgment order and an order based on the June 4 hearing adjudging that the cause of action

arose from the wilful and malicious act of the defendant, that he ought to be confined in close jail, and ordering a close jail execution to issue. On the same day he also signed a close jail execution. On July 2, 1973, defendant again appealed.

The only issues here raised deal with the validity of the close jail execution. Defendant argues that it is invalid because issued after he took his appeal, because there was no evidentiary hearing before its issuance, and because issuance without such a hearing is deprivation of due process.

■ Defendant cannot prevail upon the first ground asserted. While plaintiff's motion for close jail execution was timely under the statute [12 V.S.A. § 3624, as amended by No. 185 of the Public Acts of 1971 (Adj. Sess.)] which now permits the required adjudication to be made before execution instead of before judgment, such a motion is not among those whose filing terminates running of the time for filing notice of appeal. (Former V.R.A.P. 4(a), now V.R.A.P. 4.) But defendant's motions were within that category, and since they had not been disposed of the first notice of appeal was premature, to be treated as timely filed as of the date of such disposition. J. Moore, Federal Practice ¶ 204.14 (1973); *Powe* v. *Miles,* 407 F.2d 73, 79, n. 4 (2d Cir. 1968). Under these circumstances, the trial court retained jurisdiction after the filing of the first purported notice of appeal.

■■ Retention of jurisdiction requires an examination of the validity of the proceedings themselves, and defendant's contention that an evidentiary hearing was required. The holdings of this court have been to the contrary, to the effect that two separate findings are required, the first as to wilfulness and maliciousness and the second as to the propriety of confinement, but that each of these may be based upon the evidence presented on trial. *Economou* v. *Carpenter,* 124 Vt. 451, 207 A.2d 241 (1964); *Gould* v. *Towslee,* 117 Vt. 452, 94 A.2d 416 (1952). The first finding can sometimes be a matter of law, but the second is discretionary. Plaintiff contends that where, as here, punitive damages are awarded, the jury under the instructions given has necessarily found wilfulness and malice. We agree with that contention, supported as it is by the instructions themselves.

On the constitutional issues, defendant cites *Sniadach* v. *Family Finance*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes* v. *Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Perry* v. *Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1973); and *Swarb* v. *Lennox*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972), *rehearing denied*, 405 U.S. 1049, 92 S.Ct. 1303, 31 L.Ed.2d 592 (1972). Apart from pointing out that these cases involve the total absence of any hearing at all, and that both *Mitchell* v. *W. T. Grant & Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), and *Arnett* v. *Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), tend to weaken their holdings where completely *ex parte* hearings are not involved, we do not feel that we are here compelled to reach a constitutional issue not required for disposition of this case. *Eurich* v. *Coffee-Rich, Inc.*, 130 Vt. 537, 298 A.2d 846 (1972). A reversal is required on other grounds.

■ The time of issuance of the execution below cannot be supported. If it is viewed as issuing upon the April 24 judgment order, it is contrary to V.R.C.P. 62(a) because the appeal time had not expired. Under then V.R.A.P. 4(a) that time was extended when defendant filed his motions under V.R.C.P. 52(b) and V.R.C.P. 59 to a time thirty days after their determination. V.R.C.P. 62(a) prohibits issuance of an execution until the appeal time, as so extended, has expired. If viewed as issued on the June 29 judgment, for similar reasons, it likewise violates V.R.C.P. 62(a).

■ Additionally, if viewed as issued on the April 24 judgment, the execution violates V.R.C.P. 62(e), staying execution when an appeal is taken. And, if viewed as issued on the June 29 judgment, it violates V.R.C.P. 62(c), requiring a motion and cause shown to issue an immediate execution, and prohibiting such issuance where representation of an intent to appeal is made. In our view the fact, apparent from the record, that such an appeal had already been attempted, is such a representation.

■ Two further points are not raised by the briefs, but are noted because of the required remand for further proceed-

ings. The order of June 29, 1973, finding wilfulness and malice and the propriety of confinement, is signed by the presiding judge alone. 12 V.S.A. § 3624 requires such a finding to be made by the court. V.R.C.P. 69 makes the same requirement for an order for any body execution. V.R.C.P. 83 defines "court" as a majority of the judges of the county court, except where equitable relief is sought or a superior judge is authorized to act alone. Neither exception is applicable here; this is a law action, triable by court or jury, from the earliest days of common law history.

A further defect of the purported execution lies in the fact that it is also signed by the presiding judge. V.R.A.P. 41(c) provides that execution issue only from the clerk of the trial court. This section also disposes of plaintiff's contention that an execution should issue from this Court. *In re Waterhouse,* 125 Vt. 202, 212 A.2d 696 (1965), cited by plaintiff, is no longer applicable on this point, in light of the cited rule and the 1971 repeal of 12 V.S.A. § 2431, on which it was based. *Cf.* No. 185, § 237, of the Public Acts of 1971 (Adj. Sess.).

Since we have held the close jail execution issued below to be invalid, a remand is required. Under *Economou* v. *Carpenter, supra,* such remand is to be for the purpose of making specific findings of fact addressed to the question of whether a certified execution should properly issue. In the unlikely event that this matter is heard by the court as constituted at trial, such findings may be based on the evidence there adduced; otherwise an evidentiary hearing will be required.

*Judgment affirmed. Close jail certificate and execution vacated, and cause remanded for further proceedings consistent with this opinion, each party to bear his own costs in this court.*