## Priscilla P. Johnson v. Charles B. Russell

[356 A.2d 538]

No. 116-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed April 6, 1976

*Thomas P. Wright,* Woodstock, for Plaintiff.

*Black & Plante,* White River Junction, for Defendant.

**Billings, J.** The plaintiff, in 1966, hypothecated certain securities so that the defendant's corporation, Newmark Associates, Inc., could obtain a loan with the City Bank and Trust Company of Boston. The defendant, as president of the corporation, signed a collateral installment note. The note fell into default, and the plaintiff and defendant, in 1967, had a meeting in Boston as a result of which the loan was renegotiated at another bank. The evidence before the trial court was in dispute as to whether or not at the Boston meeting the defendant agreed orally to be personally responsible for the remaining payments on the outstanding indebtedness of the corporation. The evidence did disclose that the corporation was having financial difficulty at the time, and that the defendant was concerned about the corporation's credit rating. At no time did the defendant execute any instrument that he would be responsible for the corporate debt. In 1969, the plaintiff paid off the refinanced loan, although the defendant took no part therein.

The defendant's corporation was dissolved in 1969, and in 1971 the plaintiff brought suit on defendant's alleged oral promise to become personally responsible for the corporate debt. As a result of a court hearing, the trial court was unable to find that the defendant assumed personal liability on the note but did find that there was no consideration to take the promise out of the operation of the Statute of Frauds, 12 V.S.A. § 181(2), and in any event such promise, if made, would be collateral to the original debt and thereby barred by the Statute of Frauds. The plaintiff having failed to sustain

his burden of proof, judgment was entered for the defendant, from which plaintiff now appeals.

Findings of fact shall not be set aside unless clearly erroneous. V.R.C.P. 52. On appeal, the challenged findings are not to be set aside unless taking the evidence in the light most favorable to the prevailing party and excluding the effect of any modifying evidence they are clearly erroneous. *Wilson* v. *Hilske*, 132 Vt. 506, 321 A.2d 16 (1974). Findings must be construed to support the judgment and the weight of the evidence, credibility of the witnesses, and the persuasive effect of the testimony are solely for the trier of fact. *Rogers* v. *W. T. Grant Co.*, 132 Vt. 485, 321 A.2d 54 (1974); *Seaway Shopping Center Corp.* v. *Grand Union Stores, Inc.*, 132 Vt. 111, 116–17, 315 A.2d 483 (1974). In the case at bar there is ample credible evidence to support the trial court's findings and judgment, and it therefore must stand.

In view of this disposition, we do not reach the claimed errors in connection with the Statute of Frauds.

*Judgment affirmed.*