### The First National Bank of Boston v. Avtek, Inc. and State of Vermont, et al.

[360 A.2d 80]

No. 341-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings JJ.

Opinion Filed June 1, 1976

*Frederick deG. Harlow* of *Ryan, Smith & Carbine, Ltd.,*
Rutland and *Francis H. Fox* and *Richard W. Goldman* of

*Bingham, Dana & Gould,* Boston, Massachusetts, for Plaintiff.

*M. Jerome Diamond,* Attorney General and *Georgiana O. Miranda,* Assistant Attorney General, Montpelier, for State of Vermont.

Larrow, J. The State of Vermont claims to have issued a tax refund of $133,316.00 to Avtek, Inc., in error, and seeks to recover that payment from The First National Bank of Boston, to whom the payment check was turned over for application on Avtek's mortgage indebtedness. Whatever the theory said to justify such recovery, its merits are not before us, and must await resolution in another forum. The Bank asserts that the forum is not within the State of Vermont, relying on the National Bank Venue Act (12 U.S.C. § 94).

The payment in issue is not questioned, nor is the fact that it was indeed paid to the Bank and applied on Avtek's mortgage debt. Eventual default, in excess of three million dollars, was not thereby prevented however, and the Bank brought a foreclosure action in Orange County, the situs of the mortgaged realty, joining the State of Vermont among others as a defendant because it had filed a purported tax lien upon the premises about two months before the foreclosure. The Bank timely moved for summary judgment against some of the defendants, including the State, and for default judgment against the others. The State filed objections to the motion, based upon its refund payment. The trial court, in substance, held that the State's objections were not "germane to the foreclosure" and granted the summary judgment. It allowed the State to file a counterclaim with the same basis, severed the counterclaim, and entered a foreclosure judgment, unappealed from. Subsequently it denied the Bank's motion to dismiss the counterclaim for lack of personal jurisdiction and improper venue and denied the Bank's motion for permission to appeal. That permission was subsequently granted by the writer, sitting as a single justice under V.R.A.P. 5(b)(1) and V.R.A.P. 27(c).

At the single justice hearing on January 5, 1976, the State sought to introduce by oral offer a purported agreement which it claimed was a waiver of venue by the Bank. The offer was excluded, and on February 13, 1976, it filed with this Court a motion to remand the cause to the Orange County Court for

consideration of the agreement as "newly discovered evidence." The record does not disclose, nor the motion or accompanying affidavit set out, when such evidence is claimed to have been discovered. Nor are we cited to any rule governing the situation where a party seeks to be relieved from the operation of a judgment in its favor rather than one adverse to it. But since it addresses itself to the question of the State's claim that the Bank has waived improper venue, we will consider it *infra* in that connection.

In a matter of this complexity, summarizing the contentions of the parties is fraught with difficulty. But as we view it, the Bank here claims that its motion to dismiss the counterclaim was denied in error, because (a) it is privileged against suit on this subject matter, in Vermont, under the National Bank Venue Act; (b) it did not waive this privilege by bringing its foreclosure action in Vermont because the Act does not apply to local actions, required by statute to be brought at the situs; (c) whatever the law may be with respect to a compulsory counterclaim or matters forming an essential part of the local proceeding, there can be no waiver with respect to the counterclaim here, because it is only permissive and transitory, and (d) the claimed agreement sets forth no waiver effective as to the State. We agree, and for the reasons hereinafter set forth reverse.

The National Bank Venue Act, 12 U.S.C. § 94, states:

> Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

It is undisputed in this case that the plaintiff Bank is established and located in the City of Boston. And, although the language is permissive, using the word "may", it is now well settled that the general effect of the statute is mandatory; as the Bank puts it, with stated exceptions, a national bank can be sued only on its "home ground." *Mercantile National Bank* v. *Langdeau,* 371 U.S. 555 (1963); *Michigan National Bank*

v. *Robertson,* 372 U.S. 591 (1963). Despite previous diversity of opinion, much of which is reflected in the cases cited to us by the State, since *Langdeau* the law is clear that the provisions of 12 U.S.C. § 94 are mandatory and that, absent waiver, a transitory action against a national bank brought without consent or waiver in a forum not specified in the statute must, on motion, be dismissed.

An early exception to the general rule was laid down in *Casey* v. *Adams,* 102 U.S. 66 (1880), for local actions, in the nature of suits in rem, required to be prosecuted where the res on which they are founded is located. The *Casey* court carved out a judicial exception, based on the logic that otherwise a national bank could never be sued at all in a local action where the res was outside its "location". The foreclosure action brought by the Bank is such an action; it must be brought in one of the counties in Vermont where the land involved lies. 12 V.S.A. § 4523(a). The State argues that its counterclaim is also a local action, under 32 V.S.A. § 5892, specifying counties in which actions to enforce the tax liability of any taxpayer shall be returnable. We are not so persuaded. The asserted counterclaim is not against a "taxpayer"; it is not to recover "tax liability." It alleges a claim for conversion, for money had and received, or one sounding in unjust enrichment. It is a transitory action, since no Vermont statute requires that it be brought in any particular court. The venue provisions of the tax statute, even if it were applicable, are based on residence of the parties, not on the location of any res. We consider it beyond dispute that the original foreclosure action is a local action within the holding of *Casey,* and that the asserted counterclaim by the State is not. No actions are local unless made so by statute. *Page* v. *Newbury,* 113 Vt. 336, 338, 34 A.2d 218 (1943).

Whatever the general scope of the doctrine that a national bank may waive its statutory protection by bringing an action outside its "home grounds", that doctrine has no application here. The action it brought was local in nature under *Casey;* since it had no such privilege as to a local action, there was none to waive.

The Bank concedes that by bringing a suit in Vermont, even though the suit is local in nature, it might subject

itself to a compulsory counterclaim, even one transitory in nature, if it arises out of the transaction or occurrence which is the subject matter of its local action. We are not here required to so hold, because the State's asserted claim does not qualify as compulsory. V.R.C.P. 13(a). It is totally unrelated to the foreclosure proceeding or the underlying mortgage transaction. Prior to our Rules of Civil Procedure, we have held similar claims to be permissive in nature. *Hardwick Trust Co.* v. *Dodge*, 116 Vt. 349, 75 A.2d 660 (1950); *Hill* v. *Longe*, 95 Vt. 441, 115 A.237 (1921). Since it is a permissive counterclaim, rather than compulsory, under any view its filing brought into play for the first time the provisions of the National Bank Venue Act, which the Bank promptly asserted by its motion to dismiss the counterclaim. We are cited to no case squarely holding that the bringing of a local action by a national bank, in a foreign state, waives its protection against transitory counterclaims. A waiver may well be implied from the bringing of a transitory action by the bank, because the forum is then the forum of its choice, and it voluntarily subjects itself to risks of bringing suit there. No such choice is afforded it with respect to local actions, and waiver cannot be so inferred.

The State advances arguments directed to the convenience of the Vermont forum, and the lack of any showing of prejudice by the Bank if compelled to litigate the counterclaim here. Whatever the force of those arguments, they are certainly not peculiar to this action. They would apply with equal force to almost any foreign action against a national bank. We can only conclude that they were within the contemplation of the Congress, which enacted a mandatory venue statute determining the issues. Whatever their force, they were not persuasive as against other influencing factors. A determination that, without its consent, a national bank cannot be sued on a transitory claim in a foreign jurisdiction is well within the province of the Congress. *Mercantile National Bank* v. *Langdeau, supra.*

Without citation, the State also argues that the Bank, by doing business in Vermont, waived the provisions of the National Bank Venue Act. In the first place, doing business in Vermont does not appear. We held in *Siwooganock*

*Guaranty Sav. Bk.* v. *Cushman,* 109 Vt. 221, 247, 195 A. 260 (1937) that making a loan outside the state on property within the state was not doing business within the state. Moreover, the decided cases seem to support the proposition that doing business within the state is not such a waiver. *Northside Iron & Metal Co.* v. *Dobson & Johnson, Inc.,* 480 F.2d 798 (5th Cir. 1973); *Helco, Inc.* v. *First National City Bank,* 470 F.2d 883 (3rd Cir. 1972); *United States National Bank* v. *Hill,* 434 F.2d 1019 (9th Cir. 1970).

There remains for disposition only the motion of the State for remand to the Superior Court for consideration of what it alleges to be newly discovered evidence, in the form of an indemnity agreement, executed October 15, 1975, between the Bank and American Fidelity Company and associated carriers. Its existence is admitted by the Bank. Growing from a fire loss on the Avtek property, it provides in substance for payment to the Bank as a named insured of insurance proceeds, and indemnification of the carriers by the Bank against claims arising as a result of such payment. By its terms, the Bank expressly waives defenses relating to subject matter or personal jurisdiction in connection with enforcement of the agreement, in the courts of Vermont or elsewhere, and consents to the jurisdiction of Vermont courts for purposes of resolving "any conflicts or disagreements which arise in connection with the terms of this agreement—as between the parties hereto."

■ Several considerations preclude the granting of the State's motion. Apart from a reference to V.R.A.P. 27, which governs only the form and content of a motion, we are referred to no rule under which the relief is sought. Its general purport would seem to bring it within the ambit of V.R.C.P. 60(b)(2), relating to newly discovered evidence. We have recently outlined the procedures to be followed with respect to such a motion during the pendency of an appeal. *Kotz* v. *Kotz,* 134 Vt. 36, 349 A.2d 882 (1975). In summary, although we will not hear it, we will determine whether an intermediate remand for hearing by the trial court is appropriate. Such a remand is not here appropriate.

The motion states that the "evidence" was discovered sometime prior to appellant's motion for permission to appeal. Not

specified is which motion is referred to, the one in Superior Court, denied below, or the one here, granted after single justice hearing. Whatever the reference, it is apparent that the discovery occurred while the matter was still pending below and while the motion, if appropriate, could still have been addressed to the trial court. No reason for not doing so is alleged. Further, the ruling below was not adverse to the claim of the State, but was in its favor; the motion is not one for relief from an order, but for permission to adduce additional evidence in its support. We are directed to no rule governing what the State here proposes. All of these factors militate against the granting of the motion, particularly absent any allegation of due diligence.

■■ But the most compelling reason for denying the motion lies in the quality of the evidence sought to be adduced. As a matter of law, the proffered agreement will not support the State's claim that the provisions of the National Bank Venue Act have been waived *as to it*. The State was not a party to the agreement, nor does it make any claim to participation in the insurance proceeds covered by it. It seeks to extend a waiver, specific as to its terms and the parties covered by it, to itself. This it may not do. Consents to jurisdiction are narrowly construed, and will not be extended beyond their plain meaning and scope. *Buffum* v. *Chase Manhattan Bank*, 192 F.2d 58 (7th Cir. 1951), *cert. denied*, 342 U.S. 944 (1952). An examination of the agreement discloses no specific or reasonably inferable intent to effect a general waiver, and a remand could serve no useful purpose. Even if the motion were held timely and appropriate, the offered evidence could not properly be construed by the trial court to support the State's claim of waiver by the Bank.

We are mindful that our general holding is simply that the State's counterclaim is not to be adjudicated, without the Bank's consent, in the courts of Vermont. To decide the merits of the counterclaim is beyond the scope of the instant appeal. We therefore formulate our entry to make clear that the dismissal of the State's counterclaim is based on improper venue, and not operative as an adjudication on the merits. V.R.C.P. 41(b)(3).

*The motion of the State of Vermont for remand to the Orange Superior Court is denied. The order of that Court denying appellant's motion to dismiss the counterclaim of the State of Vermont is reversed, and the counterclaim is dismissed for improper venue.*