## G. Bruce Dunbar v. Frank L. Gabaree

[376 A.2d 51]

No. 346-76

Present: **Barney, C.J., Daley, Larrow, and Billings, JJ., and Shangraw, C.J. (Ret.), Specially Assigned**

Opinion Filed June 7, 1977

*Adams, Meaker and Darby*, Waterbury, for Plaintiff.

*Burgess & Normand, Ltd.*, Montpelier, for Defendant.

**Daley, J.** The parties to this proceeding are once again before this Court arguing the validity of our close jail execution statute. 12 V.S.A. § 3624. The legal proceedings in this cause originated in January, 1972, when the plaintiff Dunbar brought

a civil action for assault and battery against the defendant Gabaree. In a trial by jury, the defendant was found liable, with both compensatory and punitive damages being assessed against him. The plaintiff Dunbar's motion for close jail certificate was granted by the superior court. On appeal to this Court, the cause was remanded for the purpose of having the superior court make specific findings of fact as to whether a certified execution should issue. *Dunbar* v. *Gabaree*, 133 Vt. 59, 63, 330 A.2d 89 (1974). The defendant Gabaree now appeals from the findings made by the superior court on remand and the resultant order that a certified close jail execution issue. He contends that the issuance of a close jail execution without a prior hearing directed toward determining his financial ability to pay the judgment runs afoul of Vermont law and the Fourteenth Amendment to the United States Constitution.

Following this Court's order that the cause be remanded to the superior court, the parties, through their attorneys, entered into a stipulation. The second paragraph of this stipulation, set forth in full, provided that:

> 2. The Defendant, Frank Gabaree, shall submit to deposition at a time mutually convenient to the deponent and the attorneys in this cause, all in aid of execution in accordance with Rule 69.

The defendant was deposed on September 10, 1976; due to delays in the transcription of the deposition and further delay occasioned by the defendant's ill health, the deposition was not filed with the superior court until January 3, 1977. The court's findings and order, dated December 7, 1976, did not, and indeed could not, take into account the contents of the defendant's deposition.

■ ■ In this jurisdiction, once "a party agrees to a stipulation, he is bound by it, and the course of trial is determined by it." *Eurich* v. *Coffee-Rich, Inc.*, 130 Vt. 537, 542, 298 A.2d 846 (1972). Likewise, when the stipulation refers to a post-trial V.R.C.P. 69 matter, the parties are bound by the applicable terms of the stipulation and the proceedings are to be determined by it. The parties in this case, having mutually agreed to have the defendant deposed in aid of execution, were entitled to have the superior court consider the deposition prior to rendering its findings of fact and its order. Accord, *Mt.*

*Mansfield Television Inc.* v. *University of Vermont,* 126 Vt. 454, 455, 236 A.2d 237 (1967). While the parties may be relieved from the terms of the stipulation upon an appropriate determination by the trial court, *In re Mangan,* 113 Vt. 246, 247, 32 A.2d 673 (1943), no such relief was sought by the parties in this case. We therefore hold that the issuance of the close jail execution certificate prior to the filing of the deposition was error and warrants a remand of the proceedings for consideration of the deposition.

Since this holding disposes of the appeal, we are not compelled to reach the constitutional issues raised by the parties. *Dunbar* v. *Gabaree, supra,* at 62. Inasmuch as the issue of equal protection remains unresolved, we note that should the constitutionality of 12 V.S.A. § 3624 be drawn into question in future proceedings, the parties are cautioned to comply with V.R.C.P. 24(d) and V.R.A.P. 44 regarding notification to the Attorney General.

*Close jail certificate and execution vacated and cause remanded for further proceedings consistent with this opinion.*