### Kit Hudson, et al. v. Herbert Clark

[396 A.2d 132]

No. 218-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed November 13, 1978

*Corsones & Hansen,* Rutland, for Plaintiffs.

*Gerard F. Trudeau,* Middlebury, for Defendant.

**Barney, C.J.** This is an action by the owners of a certain Johnson lot against the defendant for treble damages under 13 V.S.A. § 3606 for the unlawful cutting of timber on that lot. The defense was based on the existence of an unrecorded timber cutting agreement relating to that lot that had not expired at the time of the sale of the lot and the subsequent cutting. The defendant claimed that the plaintiffs purchased the lot with notice of his right to complete his cutting agreement. The trial court made findings and issued a judgment holding defendant liable in only single damages, and enjoining further cutting.

The Johnson lot was purchased from the Balch estate, which had extensive holdings in the towns of Mendon and Shrewsbury. The sale was negotiated by the trustee of that estate. He had also previously executed the timber cutting agreement with the defendant and another party. The purchasers were several in number and some of them visited the lot prior to purchase. It was their position that they knew timber cutting had gone on on the lot and understood it to be completed. Since there was no cutting activity apparent when they took their limited view of the site, what they saw was consistent with a completed timber operation.

The wife of one of the buyers, through her mother, had a remainder interest in the Balch estate. For this reason evidence of what had happened in Rutland District Probate Court on the allowance of a Balch Estate accounting was introduced. This hearing was prior to the closing, and three of the plaintiff purchasers were present, but nothing suggesting an uncompleted cutting agreement applied to the Johnson lot was brought out.

Another circumstance that was put forward as notice involved conversations with another of the purchasers and one of the people working for the defendant. It was claimed that the fact that there was an outstanding timber cutting agreement on the Balch properties was given to this purchaser. But it developed that the contract discussed was described as applying to Balch land in Shrewsbury, not Mendon.

The plaintiffs hired an attorney to search the title of the lot prior to closing. Since the timber cutting agreement was not recorded, this search did not reveal it. The trustee executed and delivered a deed to the plaintiffs without reservation, exception or reference to any outstanding timbering rights applying to the lot. The trustee conceded, in his testimony, that he did not tell the plaintiffs about the timber cutting agreement.

■ Confronted with all this evidence, the trial court, in its findings, determined that the plaintiffs had had no notice of any unfinished lumber contract. The court determined that all parties that knew anything about the cutting of timber on the Johnson lot, excepting only the defendant and his people, but including the trustee, believed that the cutting operation was already completed. It was also in evidence that, at the time of the closing, all moneys due on the cutting contract had been paid over and the equipment all removed.

These findings are all amply supported by the evidence and must, of course, stand. V.R.C.P. 52; *Johnson* v. *Russell*, 134 Vt. 209, 211, 356 A.2d 538 (1976). Further, the findings fully support both the conclusions of law and judgment order in the case. The defendant's challenges to them cannot prevail. *Carbonneau* v. *Lague, Inc.*, 134 Vt. 175, 177, 352 A.2d 694 (1976).

The defendant raises one other issue. It is his contention that the trustee should have been joined as an indispensable party under V.R.C.P. 19(a). This issue was raised as part of the defendant's responsive pleading at the opening of litigation. The rule reads:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

The defendant has made no demonstration that the trustee fits the requirement of this rule, nor has he exercised his right under V.R.C.P. 21 to have the trustee joined as a party. The trustee, moveover, did not seek to intervene pursuant to V.R.C.P. 24.

The issues in the suit are straightforward. The plaintiffs brought the action to stop the cutting of timber on their land, and recover for damages caused thereby. The action was directed at the person responsible for the cutting, and recovery was awarded against him. Nothing in the record demonstrates that complete relief could not be had, or that anyone else was claiming an interest in the subject of the action. See *Miele* v. *Miele*, 124 Vt. 110, 113, 197 A.2d 787 (1964). Since neither the record nor the defendant have established the necessary basis for the invocation of V.R.C.P. 19, no error appears. *Pillsbury* v. *Town of Wheelock*, 130 Vt. 242, 245, 290 A.2d 42 (1972).

*Judgment affirmed.*