**Grassy Brook Village, Inc.; First Vermont Bank & Trust Co.; Vermont National Bank; and Catamount National Bank v. Richard D. Blazej, Inc.; American Fidelity Fire Insurance Company; and Richard D. Blazej**

[439 A.2d 273]

No. 414-80

Present: Barney, C.J., Billings and Hill, JJ., and Smith and Daley, JJ. (Ret.), Specially Assigned

Opinion Filed December 3, 1981

*Kristensen, Cummings, Murtha & Stewart, P.C.* and *Fitts, Olson, Carnahan, Anderson & Bump*, Brattleboro, for Plaintiffs.

*Plante, Richards, Terino & Hanley*, Springfield, for Defendant.

**Hill, J.** This interlocutory appeal presents two certified questions concerning the joinder of parties under V.R.C.P. 19. The dispute arose over a twenty unit condominium development,

instituted by Grassy Brook Village, Inc., in 1975. The United States Department of Housing and Urban Development (HUD) gave Grassy Brook Village a $66,500.00 grant for solar energy heating system construction in the project. The grant was to be disbursed in stages, and HUD paid only $13,300.00 before terminating the grant. Two loans provided by the plaintiff banks to Grassy Brook Village financed the project. The loans consisted of two notes, one for $450,000.00, the other for $50,000.00. As part of the loan arrangement, Grassy Brook Village agreed to assign the proceeds of the HUD grants to the banks.

The defendant, Richard D. Blazej, Inc., was the contractor for the project. The financing agreement required the contractor to post, as security, a performance bond and a labor and materials bond. The contractor purchased these bonds from its co-defendant, the American Fidelity Fire Insurance Company. The bonds named the plaintiffs as obligees and owners. The performance bond provided that, in the event of a default by the contractor, American Fidelity would act as a surety, and either complete the project or indemnify the plaintiffs. The labor and materials bond protected the plaintiffs against third party claims by providing that American Fidelity would be liable for any claims arising out of the contractor's failure to pay for labor or material used in the development.

The financing agreement stipulated that the banks would retain the proceeds of the loan, which would be released in stages upon certification by a clerk of the works that the contractor had adequately performed his contractual duties. The loan proceeds would then be released to Grassy Brook Village, who, in turn, would pay the contractor. Sometime in May or June of 1977, the clerk apparently reported that the contractor had failed to meet his obligations under the agreement. The banks refused to release any more of the loan proceeds, and the contractor stopped work on the project.

In September of 1978, the plaintiffs instituted suit against American Fidelity and Richard D. Blazej, Inc. The six count complaint alleged that the contractor had breached his agreement with Grassy Brook, and that American Fidelity had breached its agreement under the performance bond. On

September 28, 1979, American Fidelity filed a counterclaim which named HUD as a "defendant," and moved to have HUD added as a party under V.R.C.P. 19. On the same day, American Fidelity petitioned the United States District Court for the removal of the suit to federal court, pursuant to 28 U.S.C. § 1441 (1976). On November 20, 1979, the United States District Court denied the removal petition. See *Grassy Brook Village, Inc.* v. *Richard D. Blazej, Inc.*, No. 79-233, slip op. at 3 (D. Vt. Nov. 20, 1979). Subsequently, the defendants initiated another lawsuit in federal court. The district court dismissed that suit, holding that federal jurisdiction was unavailable, and denied a motion for reconsideration of that dismissal. See *American Fidelity Life Insurance Co.* v. *Grassy Brook Village, Inc.*, No. 80-60, slip op. at 6 (D. Vt. Dec. 24, 1980).

Once consigned to state court, American Fidelity persisted in its effort to join HUD. On February 28, 1980, the defendants moved for judgment on the ground that the plaintiffs had failed to join an indispensable party, HUD. On May 1, 1980, the trial court denied the motion. Subsequently, the trial court determined that the party status of HUD represented a controlling question of law on which there were reasonable differences of opinion, and that an immediate appeal would advance the termination of this litigation. Consequently, pursuant to V.R.A.P. 5(b), the court certified the following questions to this Court for review:

(1) Whether, based on the evidence of record, the United States and the Department of Housing and Urban Development must be joined in this action under the provisions of Rule 19(a) of the Vermont Rules of Civil Procedure.

(2) Whether, based on the evidence of record, in a decision by this court that the United States and the Department of Housing and Urban Development are necessary parties under the provisions of Rule 19(a) V.R.C.P., said United States and the Department of Housing and Urban Development are indispensable to this action under the provisions of Rule 19(b) V.R.C.P. such as to require its dismissal in their absence.

We answer question one in the negative, and, therefore, need not address question two.

■■ V.R.C.P. 19 is patterned after Rule 19 of the Federal Rules of Civil Procedure. Like its federal counterpart, there are two distinct elements of V.R.C.P. 19. The first element is whether the absent party is one who should be joined "if feasible." Section (a) of the rule provides:

> A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

See generally 7 C. Wright & A. Miller, Federal Practice and Procedure § 1604, at 31–35 (1972).

The second element of Rule 19 is addressed in section (b) of the rule. Section (b) is only considered once it has been determined that section (a) requires the joinder of the absent party. V.R.C.P. 19(b) lists the factors that a court must consider before proceeding with the action without an absent party who should be joined. See *Pillsbury* v. *Town of Wheelock*, 130 Vt. 242, 245, 290 A.2d 42, 44 (1972). See generally C. Wright & A. Miller, *supra*. § 1604, at 35–37. Thus, the threshold question in this case is whether HUD qualifies under V.R.C.P. 19(a) as a party that should be joined, "if feasible."

■ The criteria enumerated in V.R.C.P. 19(a) focus upon the potential for inadequate or conflicting judgments. These criteria require the trial court to determine whether the claims of the parties, the factual circumstances of the case, and the appropriate legal authorities create a reasonable potential for

inadequate or conflicting judgments. The timing of this decision, coming before the litigation has crystallized into judgment, often requires a court to evaluate the range of possible judgments presented by a murky case. Thus, as a rule, the full potential for inconsistent or inadequate judgments is unknown when the court makes the joinder decision.

■■ These considerations mandate that the party moving for joinder under Rule 19 satisfy an initial burden of persuasion. It may be a fine line that separates the Rule 19 decision from mere speculation. To preserve the clarity of this line, and, the considered judgment that should support Rule 19 decisions, the court must be presented with clear and concise grounds for determining the status of the absent party. The moving party bears the burden of advancing a cogent argument on why the absent party is needed to prevent inconsistent or inadequate judgments. See *Becker* v. *Becker*, 138 Vt. 372, 380–81, 416 A.2d 156, 162 (1980) (plaintiff's motion for joinder of an additional defendant did not satisfy V.R.C.P. 19(a) when plaintiff failed to establish prima facie cause of action). See also *Hudson* v. *Clark*, 136 Vt. 553, 556, 396 A.2d 132, 133–34 (1978) (defendant failed to demonstrate that absent party met requirement of Rule 19, "[s]ince neither the record nor the defendant have established the necessary basis for the invocation of V.R.C.P. 19, no error appears [in the denial of Rule 19 joinder motion]"). If the moving party is unable to satisfy this initial burden, the motion for joinder should be denied.[1]

■ The instant appeal graphically illustrates the rationale for imposing an initial burden on the moving party. On the basis of the record before the trial court, it was completely

---

[1] The defendants argue that *Boles* v. *Greeneville Housing Authority*, 468 F.2d 476 (6th Cir. 1972), supports shifting the burden to the party opposing joinder under Rule 19. We disagree. In *Boles*, none of the parties had addressed whether the absent party should be joined under Rule 19. The appellate court reached the issue sua sponte to protect the interests of the absent party. See *id.* at 478–79. Even under these circumstances, the court emphasized that the burden shifts only after "an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensible." *Id.* at 478.

unclear how HUD's absence had any impact on the instant action. HUD paid $13,300.00 of the grant to the plaintiffs, which is the full extent of HUD's financial stake in the failed venture. The defendants have not presented one plausible theory of judgment in the case that would jeopardize HUD's interest in this portion of the grant. Nor have the defendants presented a plausible theory of how any party may be exposed to double liability for this portion of the grant. Thus, the defendants failed to satisfy their burden under V.R.C.P. 19(a) of outlining a cogent argument of why the absent party's joinder was necessary to avoid inconsistent or inadequate judgments. The trial court correctly denied the motion for joinder.

*Certified question one is answered in the negative.*