VERMONT SUPERIOR COURT

Environmental Division

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00119



| Town of Rockingham v. Van Schoick |
|---|

### ENTRY ORDER

**Title:** Motion to Dismiss (Motion: 1)

**Filer:** Lindsay Van Schoick

**Filed Date:** November 30, 2023

Town of Rockingham's Memorandum in Opposition to Motion to Dismissed filed on
December 7, 2023 by Attorney Steven Ankuda.

**The motion is DENIED.**

----------------------------------------------------------------------------------------------------

**Title:** Motion to Allow Untimely Filing (Motion: 2)

**Filer:** Lindsay Van Schoick

**Filed Date:** November 30, 2023

No response filed.

**The motion is GRANTED.**

----------------------------------------------------------------------------------------------------

**Title:** Motion to Dismiss Counterclaim (Motion: 3)

**Filer:** Steven Ankuda, Esq.

**Filed Date:** December 7, 2023

No response filed.


This is an enforcement action brought by the Town of Rockingham (Town) against Lindsay Van Schoick regarding certain alleged violations of the Town of Rockingham Zoning By-Laws (the Bylaws) at property having an address of One Center Street, Bellows Falls, Town of Rockingham, Vermont (the Property). Mr. Van Schoick co-owns the Property with another family member who is not a respondent in this action. The Town Zoning

1

Administrator issued a Notice of Violation to Mr. Van Schoick on June 15, 2023 regarding the alleged violations (the NOV).

There are multiple motions presently before the Court. First, Mr. Van Schoick moves to dismiss the action on the grounds that the Town did not hear his appeal of the NOV and due to the Town's failure to add the other owner of the Property. The Town opposes the motion. Second, Mr. Van Schoick moves to allow his untimely answer and counterclaim. The Town did not file any response to the motion. Third, the Town moves to dismiss Mr. Van Schoick's counterclaim against it. Mr. Van Schoick did not file a timely response to the motion. He did, however, file a motion to allow a late filing. He did not, however, provide any response with the filing concurrent to the motion.

## Discussion

The Court addresses each motion individually, beginning with Mr. Van Schoick's motion to allow his late filing.

### I.      Motion to Allow Untimely Answer and Counterclaim

Mr. Van Schoick moves to allow the untimely filing of his answer and counterclaim. Pursuant to V.R.C.P. 12(a), a party must answer a complaint within 21 days of being served. The return of service filed with the Court on November 20, 2023 notes that Mr. Van Schoick was served on November 1, 2023. Thus, he was obligated to answer the complaint on or before November 21, 2023. Mr. Van Schoick's answer was filed on November 30, 2023 along with a motion to allow the late filing. Pursuant to V.R.C.P. 6(b)(1)(B), this Court may extend the time to file the answer for good cause upon a showing of excusable neglect.

Mr. Van Schoick's motion addresses that he had intended to timely file his answer but lacked access to a computer and lost relevant documents through no fault of his own which he could not retrieve until after the time to file had passed. The Town did not file an opposition to the motion. In other circumstances, the Court would be hesitant to grant the pending motion as it is unsure if the facts giving rise to the motion constitute excusable neglect as that term is defined by relevant law. Here, however, in light of the fact that the Town does not object to the motion, the Court **GRANTS** the motion and will accept Mr. Van Schoick's late answer and counterclaim.

2

## II. Mr. Van Schoick's Motion to Dismiss

Mr. Van Schoick moves to the dismiss the action on two grounds. First, that the Town did not rule upon his untimely appeal of the NOV. Second, that the Town has failed to add the other owner of the Property as a respondent in this action. The motion does not cite what provisions of law it is made pursuant to. The Court interprets the first argument as one related to the Court's jurisdiction to hear the pending enforcement action, which would be presented pursuant to V.R.C.P. 12(b)(1), and the second as relating the failure to join a party, which would be pursuant to V.R.C.P. 12(b)(7). We address each argument in turn.

When considering V.R.C.P. 12(b)(1) motions to dismiss, "we accept all uncontroverted factual allegations of the nonmovant as true and construe them in the light most favorable to the nonmovant." In re Burns 12 Weston St. NOV, No. 75-7-18 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 5, 2019) (citing Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245). Further, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and must consider the issue on our own. See In re Verizon Wireless Barton Permit, No. 133-6-08 Vtec, slip op. at 8 (Vt. Envtl. Ct. May 20, 2009) (Durkin, J.) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see also V.R.C.P. 12(h)(3) (requiring this Court to dismiss an action sua sponte "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter ....").

The Town issued the NOV on June 15, 2023. An appeal of the NOV to the DRB was required to be filed within 15 days of the date of the NOV, or June 30, 2023. See 24 V.S.A. § 4465 (setting forth the time to appeal a decision of a municipal administrative officer, such as the Zoning Administrator). It is undisputed that Mr. Van Schoick did not file an appeal of the NOV within the 15-day period. While he argues that his appeal should have been timely because the Town Clerk was out of office on June 30 and the following business days, there is no understanding of why he could not have filed his appeal in the period before June 30, which would have resulted in a timely appeal. Further, there is no allegation that his appeal was accompanied by any request to allow a late appeal or subsequent grant thereof. Failure to file a timely appeal results in the NOV becoming final and binding on all parties, including Mr. Van Schoick. 24 V.S.A. § 4472 (setting forth the rule of finality). Thus, Mr. Van Schoick's

late appeal does not impact the jurisdiction of this Court with respect to the pending action as it was untimely.[1]

Next, V.R.C.P. 12(b)(7) states that a party may move to dismiss an action for failure to join a party under Rule 19. Typically, the party requesting joinder under Rule 19 has the initial burden of persuasion. Grassy Brook Vill., Inc. v. Richard D. Blazej, Inc., 140 Vt. 477, 482 (1981) ("The moving party bears the burden of advancing a cogent argument on why the absent party is needed to prevent inconsistent or inadequate judgments."). Rule 19 "states pragmatic tests for determining when joinder of parties is necessary in order for the court adequately to dispose of the action and when, where joinder is necessary, the action should be dismissed in the absence of the parties who cannot be joined." Reporter's Notes, V.R.C.P. 19. The first step is to decide whether the absent parties are "necessary" pursuant Rule 19(a). Determining whether a party not before the Court is a necessary party in a case is a fact-specific inquiry that can only be determined in the context of each specific litigation. Rep. of Philippines v. Pimentel, 553 U.S. 851, 863 (2008) ("[T]he issue of joinder can be complex, and determinations are case specific.").

Mr. Van Schoick asserts that the failure to add a co-owner of the Property as respondent to this action dictates that it must be dismissed. The Court disagrees. Mr. Van Schoick does not dispute that he is an owner of the Property. He does not present any argument that relief in this action cannot be complete and adequate in this case absent the co-owner; he merely states that there is a second owner. In opposition to the pending motion, the Town alleges that Mr. Van Shoick has been the contact point of interactions regarding the Property in the past and is otherwise in control of the personal property on the Property giving rise to this action. Section 4451 states that "any person who violates" a land use regulation is subject to enforcement. The Town's complaint alleges that Mr. Van Schoick is the party in violation of the Bylaws. Thus, we conclude that Mr. Van Schoick has

---

[1] We further note that the only prerequisite to filing an enforcement action in this Court is to provide an alleged violation with at least seven days' warning notice of the alleged violation in compliance with 24 V.S.A. § 4451(A)(1)—(2) via certified mail. Mr. Van Schoick received such a warning notice. Thus, concerns with the untimeliness of the NOV appeal period would not deprive this Court of jurisdiction to hear the enforcement action.

4

failed to demonstrate that the co-owner is a necessary party to this action at this time warranting dismissal pursuant to V.R.C.P. 12(b)(7).

For the foregoing reasons, Mr. Van Schoick's motion is **DENIED**.

### III.    Town's Motion to Dismiss Counterclaim

Next, the Court turns to the Town's motion to dismiss Mr. Van Schoick's counterclaim for lack of subject matter jurisdiction.  Again, when ruling upon V.R.C.P. 12(b)(1) motions to dismiss, "we accept all uncontroverted factual allegations of the nonmovant as true and construe them in the light most favorable to the nonmovant." Burns 12 Weston St. NOV, No. 75-7-18 Vtec, slip op. at 2 (Apr. 5, 2019) (citation omitted).  Further, this Court is required to dismiss an action sua sponte "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter ... ." V.R.C.P. 12(h)(3).

Mr. Van Schoick has provided an eleven-paragraph counterclaim with his answer. The counterclaim does not set forth any relief requested as required by V.R.C.P. 8(a). Notwithstanding that fundamental deficiency, the allegations of the counterclaim generally argue that the Town has mistreated and/or harassed him and has created circumstances allowing others to similarly mistreat and/or harass Mr. Van Schoick to the level of being "slanderous and criminal."  He also alleges that the Town has instituted laws with the intent to prosecute him, but it is unclear what those laws are.

This Court is one of limited jurisdiction.  4 V.S.A. § 34; see also V.R.E.C.P. 5.  The counterclaim, to the extent even properly raised, addresses alleged harassment, mistreatment, and unfairness by the Town and third parties that Mr. Van Schoick argues rises to the level of slander or a crime.  The Court does not have jurisdiction over such claims. To the extent that the counterclaim addresses the enactment of certain laws meant to harm Mr. Van Schoick, the Court similarly lacks the ability to review such laws and enactment in the context of this zoning enforcement action.[2]  Should Mr. Van Schoick seek

---

[2] The sole issue that the Court may be relevant to issues properly before the Court is that set forth in Paragraph 6 of the counterclaim.  In this paragraph, Mr. Van Schoick appears to allege that there are laws not being enforced in a consistent and equitable manner in the Town.  To the extent that this paragraph addresses the enforcement of the aspects of the Town's zoning regulations at issue in this case, such an allegation may be relevant in determining mitigating circumstances which may impact the amount of any penalty that could be warranted after

to pursue these claims against the Town, he would need to do so in the Civil Division. See 4 V.S.A. § 31 (setting forth the jurisdiction of the Civil Division). Thus, the Court **GRANTS** the Town's motion to dismiss the counterclaim.[3]

### Conclusion

For the foregoing reasons, Mr. Van Schoick's motion to file an untimely answer is **GRANTED**. His motion to dismiss is **DENIED**. The Town's motion to dismiss Mr. Van Schoick's counterclaim is **GRANTED**. Because of this, Mr. Van Schoick's motion to file an untimely response to the Town's motion is **MOOT**.

The Court will set this matter for a status conference. The Court orders that the parties confer to determine whether a stipulated scheduling order may be reached and filed.

---

trial. See 10 V.S.A. § 8010(b). Therefore, while the Court dismisses the counterclaim as non-jurisdictional and improperly raised, nothing in this decision would preclude Mr. Van Schoick from presenting evidence of inconsistent enforcement of the aspects of the zoning regulations at issue in this appeal at trial.

[3] The Court notes that it is issuing this Entry Order without a response from Mr. Van Schoick. Mr. Van Schoick had thirty days to respond to the pending motion, which was filed on December 7, 2023. See V.R.C.P. 7(b)(4) (setting a 30-day period to respond in opposition to dispositive motions). Thus, his response was due on January 18, 2024. On January 4, 2024, Mr. Van Schoick filed a motion to allow a late appeal, in which he states that he had been misinformed of the time to respond to the motion and sought leave to file a late response due to an illness. He did not concurrently file any response. In any event, we do not require his response to rule upon the pending motion given the jurisdictional deficiencies of the counterclaim and the Court's power to independently examine jurisdiction over claims before it. See V.R.C.P. 12(h). Thus, we conclude that the motion is **MOOT** based on our conclusions herein.

The Court does note, however, that Mr. Van Schoick appears to have difficulties in ensuring his materials are timely filed. This is evidenced not just by the January 2024 motion, but also the tardiness of both his answer and his appeal of the NOV. The Court takes this opportunity to remind Mr. Van Schoick that many deadlines before the Court may present be implications for Mr. Van Schoick's ability to present his full case to this Court should they not be adhered to. The Court requests that all parties comply with deadline to submit any filing to this Court, whether set by the Vermont Rules of Civil Procedure or this Court. Should a party know prior to the expiration of a deadline that they will not be able to comply, the Court requests that the parties contact one another to attempt to come to an agreement as to an extension and inform the Court thereof, agreement thereto should not be unreasonably withheld, or submit a written motion for an extension absent such an agreement but prior to the deadline of the time to file. Motions for leave to submit late files, submitted after deadlines have passed, will be subject to the standards set forth in the Vermont Rules of Civil Procedure and may not be granted if the circumstances do not warrant the relief.

If the parties cannot come to an agreement as to the schedule of this case, each party is directed to be prepared to propose a pre-trial schedule at the status conference.

Electronically signed this 28th day of March 2024, pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Vermont Superior Court, Environmental Division