**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-140

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

DECEMBER TERM,   2025

| | |
|---|---|
| Michelle Kendall v. James Kendall (Jere S. Kendall\*)   } | APPEALED FROM: |
| } | Superior Court, Caledonia Unit, |
| } | Family Division |
| } | CASE NO. 76-4-14 Cadm |
| | Trial Judge: Bonnie J. Badgewick |

In the above-entitled cause, the Clerk will enter:

Jere S. Kendall appeals a family division order denying his motion to join or intervene in this post-judgment divorce proceeding involving his brother, James Kendall, and his brother's former wife, Michelle Kendall. We cannot discern the basis for the court's decision to deny the motion and therefore reverse and remand to the trial court for further clarification.

The record reflects the following. Husband and wife were divorced in October 2018. Their final divorce order incorporated a bankruptcy court decision approving a settlement involving the parties and brother. The settlement provided that wife's share of the marital property was $50,000, and that payments would be made from proceeds subject to distribution under husband's bankruptcy plan. It also provided that upon completion of the plan, husband was to convey six properties to brother and grant him a joint tenancy in a seventh. Each of the listed properties was located in Barnet, Vermont.

Wife moved to enforce the final divorce order in July 2023, asserting that husband had yet to pay her the $50,000. She asked that the court order husband to pay this amount within thirty days and, as a penalty for nonpayment, place liens on properties "belonging to [husband] and his associated trusts, as well as [brother]." In November 2023, brother moved to be joined as a party to the divorce action under Vermont Rule of Civil Procedure 19(a)(2)(i) and (ii). Brother argued that wife's enforcement motion created a risk that the court might impose a lien against his property, and that joinder was necessary to allow him to defend his property interests and avoid the risk of leaving husband with double or inconsistent obligations as to brother and wife.

The family division issued an order granting wife's motion in part. It explained that it would issue a judgment on three properties in Barnet, and that wife could file a certified copy of the judgment in the land records, constituting a lien on the properties. On the same date, the

court issued an order denying brother's motion to intervene. It read, in full, "[t]here are only two parties to this divorce."

In August 2024, wife moved to enforce the November 2023 order. She argued that husband had yet to pay her the $50,000 and asked that, if he was unable to do so, the court "sell any properties" that husband, brother, or their family trusts owned to satisfy the judgment. In March 2025, brother again moved to be joined as a party under Rule 19(a)(2) or, in the alternative, to intervene under Vermont Rule of Civil Procedure 24(a)(2). Brother asserted that he was still awaiting the property transfers contemplated in the global settlement agreement, and that there was effectively only one way for husband to satisfy his financial obligation to wife—by liquidating those properties, which would permanently deprive husband of any ability to repay brother. In support of his request, brother cited our decision in Barrup v. Barrup, 2014 VT 116, ¶ 17, 198 Vt. 25 (affirming grant of husband's mother's Rule 24(b)(2) motion to intervene in post-judgment proceedings concerning wife's request to enforce a final divorce decree where mother had documented record interest in stock account over which court asserted jurisdiction). The court again denied the motion in a brief order, stating that, as indicated in the November 2023 entry order denying brother's initial request for joinder, "there are only two parties to this divorce."

On appeal, brother argues, among other things, that the trial court erred in denying his motion to join or intervene.[*] Because we are unable to discern the basis for the trial court's denial insofar as its brief entry order fails to reflect any engagement with the relevant analysis, we reverse and remand for further proceedings without reaching brother's remaining contentions.

The Vermont Rules for Family Proceedings provide that, in general, the Vermont Rules of Civil Procedure apply in divorce cases. V.R.F.P. 4.0(a)(2). Under Civil Rule 19(a)(2), a party who is subject to service of process "shall be joined as a party in the action if . . . the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence" may either "(i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest." Rule 24(a)(2) essentially mirrors Rule 19(a)(2), providing that "[u]pon timely application anyone shall be permitted to intervene in an action," if the applicant "claims an interest relating to the property or transaction which is the subject of the action" and "is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 390 (2d Cir. 2006) (explaining that Federal Rules of Civil Procedure 19(a)(2) and 24(a)(2) "are intended to mirror each other"); Grassy Brook Vill., Inc. v. Richard D. Blazej, Inc., 140 Vt. 477, 481 (1981) (explaining that Rule 19 "is patterned after Rule 19 of the Federal Rules of Civil Procedure"); Reporter's Notes, V.R.C.P. 24 ("This rule is substantially identical to Federal Rule 24").

Unlike Rule 24(a), Rule 19(a) does not expressly contemplate that a nonparty may move for joinder. See Reporter's Notes, V.R.C.P. 19 (providing that if party satisfies Rule 19(a) test, has not been joined, and can be served with process, "the court, on defendant's motion under Rule 12(b)(7) or Rule 21, or on its own motion, must order him joined"). Some federal courts have held that only a party may move for joinder under Rule 19, and a nonparty's Rule 19

---

[*] Neither husband nor wife filed a brief in this appeal.

2

motion for joinder may instead be appropriately construed as a request to intervene under Rule 24. See, e.g., Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995). We need not determine whether a nonparty may move for joinder under Rule 19, because brother also moved to intervene under Rule 24 and we see no basis to conclude that Rule 19—if appropriately applied—would call for a different analysis here. See MasterCard Int'l, 471 F.3d at 389 (recognizing that Rule 19(a) and Rule 24(a)(2) "contain overlapping language" and thus if party seeking intervention "failed to satisfy Rule 19(a), it could not satisfy Rule 24(a)(2)").

We review the denial of a motion to intervene as of right without deference. Agency of Transp. v. Timberlake Assocs., 2020 VT 73, ¶ 9, 213 Vt. 106. The timeliness of the motion, however, is a "threshold issue" committed to the trial court's discretion. State v. Quiros, 2019 VT 68, ¶¶ 13, 15, 211 Vt. 73; see V.R.C.P. 24 (requiring "timely application" to intervene). We have explained that in determining timeliness, the trial court "must consider at least four factors: the power to have sought intervention at an earlier stage in the case; the case's progress; harm to the plaintiff[]; and availability of other means to join the case." 171234 Canada Inc. v. AHA Water Coop., Inc., 2008 VT 115, ¶ 19, 184 Vt. 633 (quotation omitted). While we normally review the court's ruling on timeliness for an abuse of discretion, "when—as here—a trial court denies a motion to intervene but makes no mention of the motion's timeliness, we are left without a ruling to review for an abuse of discretion." Quiros, 2019 VT 68, ¶ 15. In such instances, we may take up the issue of timeliness de novo if the record is sufficient to sustain such an analysis. Id. ¶ 15 (citing cf. Mohr v. Vill. of Manchester, 161 Vt. 562, 562 (1993) (mem.) (reversing denial of motion to intervene as of right where trial court denied motion "without explaining why it was denied" and observing that while court had discretion to deny intervention as untimely, "[w]e cannot review the trial court's exercise of discretion where there is no record of how that decision was reached")).

In this case, however, the trial court's ruling was not only silent as to the threshold question of timeliness. It includes nothing that could be construed as an analysis under Rule 24(a)(2). We have "recognized that the usual standards governing intervention pursuant to [Civil Rule] 24 apply in divorce cases." Barrup, 2014 VT 116, ¶ 17 (citing Ihinger v. Ihinger, 2003 VT 38, ¶ 10, 175 Vt. 520 (mem.) (explaining that while "children are not statutory parties to a divorce action involving their parents, they may still become parties" upon satisfying intervention standards set forth in V.R.C.P. 24)). Thus, it was not enough to simply say that there were only two parties to the divorce: although brother was not a statutory party, the court was nonetheless required to join him as a party if it concluded that the motion was timely and the requirements of Rule 24(a)(2) were satisfied. See id. ¶ 17; Ihinger, 2003 VT 38, ¶ 10. Brother claimed an interest relating to properties which, he argued, were at issue in wife's enforcement motion. The trial court failed to consider whether this was true and, if so, whether brother was "so situated that the disposition of the action may as a practical matter impair or impede [his] ability to protect that interest" or if the interest was "adequately represented by existing parties." V.R.C.P. 24(a)(2).

On the record before us, it is not clear whether the trial court applied the Rule 24(a)(2) standard or, if it did, whether—or on what basis—it concluded that the motion was untimely, the remaining requirements of the rule were unmet, or both. See In re Cote, 2025 VT 42, ¶ 20 ("When this Court is left in a position where it must speculate as to the basis upon which the trial court reached its decision, we will refuse to so speculate." (quotation omitted)). In this context, we decline to take up these questions for the first time on appeal. See, e.g., Talandar v. Manchester-Murphy, 2024 VT 86, ¶ 47 (observing that trial court "failed to meaningfully engage" with party's argument, declining to address legal issue for first time on appeal, and

remanding for trial court to consider question).  We therefore reverse the trial court's order and remand for reconsideration of brother's motion and issuance of an order setting forth the basis for the court's conclusion.

        <u>Reversed and remanded</u>.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice
