Filed 03/11/26

| | | |
|---|---|---|
| **VERMONT SUPERIOR COURT** |  | CIVIL DIVISION |
| Orleans Unit | | Case No. 25-CV-05021 |
| 247 Main Street | | |
| Newport VT 05855 | | |
| 802-334-3305 | | |
| www.vermontjudiciary.org | | |

---

**Charles Norton v. Robert Peters et al**

---

# ENTRY REGARDING MOTION

Title:          Partial Motion to Dismiss (Motion: 3)
Filer:          Richard Windish
Filed Date:  December 23, 2025

Plaintiff Charles Norton brought this action seeking declaratory judgment, to quiet title, and for injunctive relief and damages against multiple Defendants regarding a right of way. Defendants have moved to dismiss Plaintiff's claims for declaratory judgment (count 1) and to quiet title (count 2) under Rule 12(b)(6) and 12(b)(7). Plaintiff opposes. All parties have counsel. For the reasons that follow, the court DENIES Defendants' Motion to dismiss counts 1 and 2 (Mot. 3).

## I.      Background

The following facts come from Plaintiff's Amended Complaint (filed Nov. 13, 2025), accepting their allegations as true and drawing all reasonable inferences in their favor as required by Rule 12(b)(6). *See* Section II.A *infra*.

This case involves Hunt Shore South, a right of way on the western side of Seymour Lake in Morgan. Hunt Shore South creates a loop with two connections (a northern one and a southern one) to Morgan–Charleston Road. Following Hunt Shore South from the northern intersection to its southern counterpart, Hunt Shore South lies predominantly on Plaintiff's property. The southern intersection and a short portion of the right of way lie on property no longer owned by Plaintiff. As of 2023, Julia Norton and Justin Limoge ("Norton and Limoge") own that parcel (599 Morgan–Charleston Road). Ex. 2 to Defs.' Mot. to Dismiss (filed Dec. 23, 2025). Defendants have joined Julia Norton and Justin Limoge as Third-Party Defendants.

Defendants each own land along the western shore of Seymour Lake. They access their properties from Morgan–Charleston Road by Hunt Shore South. Each of Defendants' individual deeds provides for "a right of way from the main highway (leading from Morgan village to East

Charleston) to the land hereby conveyed by using the cottage road as now traveled, in common with others." Amended Compl. ¶ 5.

## II. Discussion

The pending motion requires the court to resolve the parties' differing views regarding the absence of (1) Norton and Limoge as plaintiffs and (2) one set of Hunt Shore South property owners, Sandra Grancelli and John Clausen, as defendants. The parties incorporate by reference into their filings the documents cited by the court in disposing of this motion, making the court's consideration of those documents appropriate. *See* Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2004 and Supp. 2007).

### A. Legal Standard

Under V.R.C.P. 12(b)(6), the court "must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514. The court does not accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Vitale v. Bellows Falls Union High Sch.*, 2023 VT 15, ¶ 28, 217 Vt. 611 (quotation omitted). The court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis v. American Legion, Dept. of Vermont*, 2014 VT 134, ¶ 12, 198 Vt. 204 (quotation omitted). "The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Off. of Child Support*, 173 Vt. 390, 395 (2002). As a result, only "where the plaintiff does not allege a legally cognizable claim, [is] dismissal . . . appropriate." *Montague*, 2019 VT 16, ¶ 11.

"The court's attention . . . is to be directed toward determining whether the bare allegations of the complaint constitute a statement of a claim under V.R.C.P. 8(a)." *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982). Rule 8 requires a "short and plain statement of the claim" in "simple, concise, and direct" language with "all pleadings [to] be construed as to do substantial justice." V.R.C.P. 8(a), (e), (f). "[T]he threshold a plaintiff must cross in order to meet our notice-pleading standard is exceedingly low." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 (citation omitted). Consequently, "[m]otions to dismiss for failure to state a claim are disfavored and should be rarely granted." *Id*. (citation omitted).

### B. Plaintiff's Failure to Name J. Norton and J. Limoge as Co-Plaintiffs

Defendants claim Plaintiff lacks standing to bring this case without Norton and Limoge. *See* Def.'s Mot. to Dismiss at 4–6.

"Vermont courts have 'subject matter jurisdiction only over actual cases or controversies involving litigants with adverse interests.'" *Bischoff v. Bletz*, 2008 VT 16, ¶ 15, 183 Vt. 235 (quoting *Brod v. Agency of Nat. Res.*, 2007 VT 87, ¶ 8, 182 Vt. 234). To have standing, the plaintiff must have suffered a particular injury attributable to the defendant that the court can redress. *Housing Our Seniors in Vt. Inc. v. Agency of Commerce & Cmty. Dev.*, 2024 VT 12, ¶ 13, 219 Vt. 80 (citing *Hinesburg Sand & Gravel Co. v. State*, 166 Vt. 337, 341 (1997)).

"Plaintiffs must allege sufficient facts to establish standing '[o]n the face of the complaint.'" *Id.* (quoting *Town of Cavendish v. Vt. Pub. Power Supply Auth.*, 141 Vt. 144, 147–48 (1982)). If a plaintiff has no standing, "the court has no jurisdiction over a petition for declaratory relief." *Bischoff*, 2008 VT 16, ¶ 15.

The court concludes Plaintiff has sufficiently alleged standing to bring this action to enforce the rights he has but not the ones he does not. Plaintiff has sufficiently alleged standing to maintain this action to enforce his own property rights regarding Hunt Shore South. Defendants do not assert otherwise.

Plaintiff has alleged no rights to property owned by Norton and Limoge. Plaintiff may not enforce any property rights belonging to them. Inasmuch as Plaintiff's pleadings seek to do otherwise, he shall modify them as he lacks standing to enforce their rights.

That Plaintiff may not enforce Norton and Limoge's property rights does not change the fact that he may enforce his own. This case may produce incomplete results for Plaintiff regarding Hunt Shore South, but those differences flow from his limited standing and his choice to bring this case without Norton and Limoge as co-plaintiffs.

C. Plaintiff's Failure to Join Sandra Grancelli and John Clausen

The parties also take different views regarding the impact of Plaintiff's failure to add Grancelli and Clausen. Defendants view Grancelli and Clausen as indispensable parties. Defs.' Mot. at 6. Plaintiff excepts them because he has reached a separate agreement with them. Pl.'s Reply to Def.'s Mot. to Dismiss (filed Jan. 30, 2025) at 4.

Vermont's rule on joinder provides in part that

> [a] person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest.

V.R.C.P. 19(a).

"[T]he moving party bears the burden of advancing a cogent argument on why the absent party is needed to prevent inconsistent or inadequate judgments." *See Grassy Brook Vill., Inc. v.*

3

*Richard D. Blazej, Inc.*, 140 Vt. 477, 482 (1981). "[T]he court must be presented with clear and concise grounds for determining the status of the absent party." *Id*.

Defendants have not met their burden. They have not offered a clear and concise reason why the court must join Grancelli and Clausen, despite the potential desirability of doing so. *See Nowakowski v. City of Rutland*, No. 2019-174, 2019 WL 6049892, at *2 (Vt. Nov. 14, 2019) (unpublished mem.) ("Joinder under Rule 19 is not designed as an opportunity for every person having a claim against the named defendant [or plaintiff] to join the existing suit."); *see also Logue v. Richmond*, No. 21-CV-00942, 2024 WL 4328617, at *3 (Vt.Super. Sep. 03, 2024) (Richardson, J.) (reasoning that, although neighbor's land contained buried waterline running between the plaintiff's property and the defendant's property, joining neighbor was not necessary to resolve dispute between the plaintiff and the defendant).

With Plaintiff having reached separate agreements with Grancelli and Clausen, the court sees no risk of "inconsistent or inadequate judgments." There may exist differences between the outcome for the parties in this case and the agreement Plaintiff reached with Grancelli and Clausen—not different "judgments." Rule 19 does not concern itself with this sort of inconsistency. The absence of Grancelli and Clausen will not prevent complete relief among the parties to this case. It may just produce different outcomes regarding Plaintiff's rights to Hunt Shore South for parties versus non-parties. Plaintiff has made that choice himself and Rule 19 does not bar it.

In an abundance of caution, the court will order the parties to serve Grancelli and Clausen with their filings made in this case. Doing so will ensure that Grancelli and Clausen have an opportunity to move to intervene in this matter, should they choose to do so.

## III. Order

For the reasons set forth above, the court DENIES Defendants' motion to dismiss counts 1 and 2. (Mot. 3).

By March 27, 2026, Plaintiff shall file any conforming pleadings as required by Section II.B *supra* or file a motion seeking more time to do so.

By April 3, 2026, all parties shall provide the sheriff or deputy sheriff with their filings in this case as of that date for service on Grancelli and Clausen in a manner consistent with Rule 4(c). The parties shall file returns of service as soon as practicable thereafter.

Electronically signed pursuant to V.R.E.F. 9(d) on March 9, 2026.

Colin Owyang
Superior Court Judge